# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JAMES MORRISON and DALLAS MORRISON, Individually and on behalf of others similarly situated, § § § § *Plaintiffs*, § v. § § SPINNAKER INSURANCE § COMPANY, § § *Defendant*. § | Civil Action No. 4:23-cv-324 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Spinnaker Insurance Company's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint Counts I and VI and, in the Alternative, Rule 23(d)(1)(D) Motion to Strike Class Action Allegations (Dkt. #31); and Without Waiver of Its Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint Counts I and VI and, in the Alternative, Rule 23(d)(1)(D) Motion to Strike Class Allegations, Defendant Spinnaker Insurance Company's Rule 56(a) Motion for Summary Judgment (Dkt. #43).[1] Having considered the Motions and the relevant pleadings, the Court finds that the Motions should be **GRANTED in part** and **DENIED in part**.

---

[1] At the outset, the Court notes that the pending Motions present substantially overlapping issues (*See* Dkt. #31; Dkt. #43). The Court will therefore consider the issues raised in the Motion for Summary Judgment first, then address any unresolved issues unique to the Motion to Dismiss. In doing so, the Court will rely on the Third Amended and Supplemental Class Action Complaint (the "Third Amended Complaint") as the operative pleading despite the briefing's references to the Second Amended Class Action Complaint (*See* Dkt. #66; Dkt. #67). To the extent Defendant believes that the Third Amended Complaint introduced new material beyond what is addressed in this Order, Defendant may move for summary judgment on any related issues at a later time.

## BACKGROUND

This is an insurance case involving the alleged underpayment of storm damage claims. Plaintiffs owned a residence and related structures in Howe, Texas, insured under a homeowners policy ("the Policy") issued by Defendant for the period of October 25, 2020 through October 25, 2021 (Dkt. #43 at p. 11). On May 20, 2021, Plaintiffs submitted a claim for hail, lightning, and other weather-related damages resulting from an April 28, 2021 storm (Dkt. #43 at p. 11). Defendant initially paid $35,902.32 on the claim, but Plaintiffs asserted entitlement to $280,311.12 in benefits, creating a purported shortfall of $244,408.80 (Dkt. #43 at pp. 11–12). Plaintiffs allege that Defendant improperly depreciated labor and other non-material costs when adjusting their claim, thereby underpaying benefits (Dkt. #43 at p. 12). Defendant maintains that its adjusters properly applied the Policy terms in estimating the covered loss (Dkt. #43 at pp. 12–15).

In August 2022, Plaintiffs' counsel submitted a demand letter seeking $281,311.12, supported by a public adjuster's estimate (Dkt. #43 at p. 12). The parties' dispute encompassed items such as flashing and chimney repairs, roofing labor, shower tiling, and certain barn electrical issues (Dkt. #43 at pp. 11–12). In January 2024, Defendant invoked the Policy's appraisal provision (Dkt. #43 at p. 8). Following inspection in February 2024, the appraisal panel issued an award on April 30, 2024, setting the replacement cost value at $118,600.06 and actual cash value at $114,151.28 (Dkt. #43 at pp. 8, 13–14). Plaintiffs contend that this award did not fully remedy Defendant's earlier depreciation practices, including the alleged withholding of "future labor costs" and "non-material depreciation" (Dkt. #43 at pp. 9, 12, 27–28).

On May 3, 2024, within three business days of the award, Defendant tendered a check for $132,289.82, which it calculated as the appraisal replacement cash value less prior payments and

deductible, plus penalty interest and prejudgment interest (Dkt. #43 at pp. 8, 14). Defendant asserts that it discharged its obligations under the Policy and barred further recovery when it timely paid the appraisal award (Dkt. #43 at pp. 16–17). Plaintiffs, however, maintain claims for breach of contract and declaratory relief, individually and on behalf of a putative class (Dkt. #43 at p. 14).

On November 11, 2023, Defendant filed its Motion to Dismiss (Dkt. #31). On December 11, 2023, Plaintiffs filed their Response (Dkt. #35). On December 27, 2023, Defendant filed its Reply (Dkt. #36). On June 6, 2024, Defendant filed its Motion for Summary Judgment (Dkt. #43). On July 5, 2024, Plaintiffs filed their Response (Dkt. #48). On July 12, 2024, Defendant filed its Reply (Dkt. #51). On August 19, 2025, Plaintiff filed the operative complaint asserting three counts: breach of contract individually and on behalf of a putative class (Counts I); breach of contract individually (Count II); and declaratory judgment individually and on behalf of a putative class (Count III) (*See* Dkt. #67 at pp. 22–25). The Court will now adjudicate the Motions.[2]

## LEGAL STANDARD

### I.   Summary Judgment

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a

---

[2] In doing so, the Court will consider only the claims pleaded in the Third Amended Complaint (Dkt. #67). Because that pleading supersedes prior versions, the Court will not address portions of the pending motions directed toward claims no longer asserted (*Compare* Dkt. #67, *with* Dkt. #28). To the extent Defendant's Motions seek relief on those abandoned claims, the Court finds they should be **DENIED as moot**. The same is true for requests for class-wide relief under Rule 23 that are tethered to claims no longer asserted. Because Plaintiffs continue to seek class-wide relief for their breach-of-contract and declaratory-judgment claims, however, the Court will address those below.

3

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hous. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary

4

judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## II.    Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has

5

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

The Court begins its analysis with the three live claims pleaded in Plaintiffs' Third Amended Complaint (Dkt. #67).[3] Specifically, the Court must decide the following:

1. Count I (Breach of Contract—Class Action/Non-Material Depreciation): Whether Plaintiffs have shown a genuine dispute of material fact regarding their claim that Defendant's depreciation practices breached the Policy.

2. Count II (Breach of Contract—Individual Claim): Whether Plaintiffs can establish a separate breach of contract theory independent of Count I.

3. Count III (Declaratory Judgment—Class Action/Non-Material Depreciation): Whether Plaintiffs are entitled to declaratory relief regarding Defendant's depreciation practices, and whether that claim survives regardless of Count I.

---

[3] As noted above, the parties directed certain arguments in the pending Motions toward claims that no longer remain in the operative complaint; those arguments are not addressed here. *See supra* note 2.

(*See* Dkt. #67 at pp. 22–25).

The Court considers each in turn below before resolving Defendant's Motion to Dismiss.

I.   **Breach of Contract (Count I)**

Plaintiffs allege that Defendant breached the Policy by depreciating the cost of labor when calculating actual cash value for storm-related repairs (Dkt. #67 at pp. 22–23). They contend that the Policy permits depreciation of physical materials but does not authorize depreciation of labor, an intangible cost not subject to wear and tear (Dkt. #67 at pp. 1–2). According to Plaintiffs, Defendant underpaid their claim in violation of the Policy's terms by reducing actual cash value through labor depreciation (Dkt. #67 at pp. 14, 16).

Defendant responds that the Policy's definition of "actual cash value" is broad enough to encompass both material and labor costs (Dkt. #31 at pp. 22–24). It also asserts that labor depreciation is permissible when calculating replacement cost under Texas law (Dkt. #31 at pp. 29–33). Defendant further argues that Plaintiff suffered no breach because Defendant paid the full amount owed, accounting for depreciation, and withheld no further benefits (Dkt. #43 at p. 15).

The Court concludes that Plaintiffs have raised a genuine dispute of material fact regarding whether the Policy permits labor depreciation. The Policy defines actual cash value as "the amount it would cost to repair or replace covered property, at the time of loss, with material of like kind and quality, less allowance for physical deterioration and depreciation, including obsolescence" (Dkt. #36 at p. 9). The Policy does not separately define "depreciation," nor does it expressly address whether depreciation may be applied to labor costs as opposed to physical materials (*See generally* Dkt. #35-2; Dkt. #35-5 at p. 2; Dkt. #43-2).

Under Texas law, courts construe insurance contracts according to their plain meaning, resolving any ambiguities in the insured's favor. *See Pogo Res. LLC v. St. Paul Fire & Marine Ins. Co.*,

2022 WL 209276, at *9 (N.D. Tex. Jan. 24, 2022) (courts "give words and phrases their ordinary and generally accepted meaning, reading them in context and in light of the rules of grammar and common usage"); *RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 11, 118 (Tex. 2015) (where the parties offer conflicting, yet reasonable, constructions of a policy provision, the Court must "resolve the uncertainty by adopting the construction that most favors the insured"). Here, the Policy defines actual cash value in terms of "physical deterioration and depreciation" but does not state whether that includes labor (*See generally* Dkt. #43). The inclusion of the modifier "physical" suggests a focus on tangible, material property that can wear out over time. Yet labor, once expended, does not physically deteriorate. This silence in the Policy's language creates at least an ambiguity as to whether it permits labor depreciation. Considering this ambiguity, then, summary judgment in Defendant's favor is improper on the Plaintiffs' individual claim. Accordingly, the Court should therefore **DENY** Defendant's Motion as to Count I.

## II.    Individual Breach of Contract Claim Independent of Count I (Count II)

In Count II, Plaintiffs assert a separate breach of contract claim unrelated to Defendant's practice of depreciating labor (Dkt. #67 at pp. 23–24). This Count alleges that Defendant independently breached the Policy by neglecting to promptly and fully indemnify them for covered storm damage, even apart from the labor-depreciation dispute (Dkt. #67 at pp. 23–24). Plaintiffs further contend that Defendant mishandled their adjustment in other respects, resulting in an underpayment that is actionable under the Policy (*See* Dkt. #67 at pp. 23–24).

Defendant suggests that Count II is duplicative of Count I and does not identify any contractual obligation allegedly breached beyond the depreciation issue (Dkt. #43 at p. 18). In Defendant's view, "even if Count I . . . did state a viable claim under Texas law . . . any breach of contract claim asserted thereunder (along with any breach of contract claim asserted under

Count II) still becomes barred by virtue of [Defendant's] undisputed, evidenced, timely appraisal award" (Dkt. #43 at p. 18). Consequently, Defendant believes that reframing Plaintiffs' breach of contract theory in Count II does not create an independent basis for liability.

The Court agrees with Defendant. That is, Count II does not present a separate, viable breach theory beyond the labor-depreciation claim already addressed in Count I. While Plaintiffs attempt to plead an additional breach, their briefing identifies no contractual obligation allegedly violated apart from Defendant's depreciation methodology (*See generally* Dkt. #48). To the extent Count II restates Count I in different terms, it is redundant and does not create an independent claim. *See Jack in the Box Inc. v. San-Tex Restaurants, Inc.*, No. SA-20-CV-00328-XR, 2021 WL 148058, at *7 (W.D. Tex. Jan. 14, 2021) ("If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated") (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (Ct. App. 1990)). Defendant's Motion should therefore be **GRANTED** as to Count II.

### III. Declaratory Judgment (Count III)

In Count III, Plaintiffs seek a declaration that Defendant's practice of depreciating labor costs when calculating actual cash value is improper under the Policy and Texas law (Dkt. #67 at pp. 24–25). Plaintiffs contend that declaratory relief is appropriate to clarify the parties' contractual rights and obligations, particularly given Defendant's continued assertion that labor depreciation is permissible (Dkt. #48 at pp. 29–34). Defendant argues that Plaintiffs' request for declaratory relief is duplicative of their breach of contract claim and should be dismissed (Dkt. #43 at pp. 27–28). In Defendant's view, once the Court resolves whether the Policy allows labor

depreciation in Count I, there is no independent controversy to support declaratory judgment (Dkt. #43 at pp. 10, 27–28).

Again, the Court agrees with Defendant. Plaintiffs' declaratory judgment claim is duplicative of their breach of contract theory and therefore not independently viable. In such cases, dismissal is proper because the declaratory judgment action merely restates claims for breach of contract. *See Yount v. Travelers Pers. Ins. Co.*, No. SA-23-CV-150, 2024 WL 131380, at *10 (W.D. Tex. Jan. 11, 2024) (when "requests for declaratory relief are duplicative and inconsequential . . . [they] 'need not be entertained' and may be dismissed by summary judgment for the same reasons the underlying causes of action are dismissed"); *see also, Aetna Inc. v. People's Choice Hosp., LLC*, 2019 WL 12536914, at *8 (W.D. Tex. Sept. 30, 2019) (dismissing declaratory judgment claim as duplicative of a dismissed substantive claim); *Berkseth-Rojas v. Aspen Am. Ins. Co.*, 2021 WL 2936033, at *7 (N.D. Tex. July 13, 2021) (dismissing declaratory judgment claims as duplicative of breach of contract claims); *Great Am. Ins. Co. v. Goin*, 2017 WL 4238698, at *4 (N.D. Tex. Sept. 25, 2017) ("district courts in this Circuit regularly reject declaratory judgment claims seeking the resolution of issues that are the mirror image of other claims in a lawsuit"); *Carson v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 13029757, at *2 (W.D. Tex. Jan. 26, 2012) ("The Declaratory Judgment Act does not create an independent cause of action; it only provides a form of relief. When the request for a declaratory judgment adds nothing to an existing suit, and is merely duplicative of the substantive claims already at issue, the request for a declaratory judgment need not be entertained."). In the same vein, the declaratory relief sought by Plaintiffs would add nothing beyond the resolution of Count I. Thus, the Court finds that Defendant's Motion should be **GRANTED** as to Count III.

**IV.   Motion to Dismiss**

Having settled the issues raised by Defendant's Motion for Summary Judgment, the Court now turns to the unique issue in Defendant's Motion to Dismiss: whether the Court should strike Plaintiff's class allegations (Dkt. #31). Specifically, Defendant requested that the Court strike Plaintiffs' class allegations under Rule 23 as an alternative to dismissal (Dkt. #31 at pp. 34–37). The Court declines to do so. Because Plaintiffs did not move for class certification by the September 7, 2024 deadline, the Court must confine its analysis to Plaintiffs' individual claims (*See* Dkt. #30). The putative class allegations in Counts I and III are not properly before the Court, so they will be disregarded for purposes of Defendant's Motions. The Court must therefore **DENY** Defendant's Motion on this ground.

## CONCLUSION

It is therefore **ORDERED** that Defendant Spinnaker Insurance Company's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint Counts I and VI and, in the Alternative, Rule 23(d)(1)(D) Motion to Strike Class Action Allegations (Dkt. #31) is hereby **DENIED without prejudice**.

It is further **ORDERED** that Without Waiver of Its Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint Counts I and VI and, in the Alternative, Rule 23(d)(1)(D) Motion to Strike Class Allegations, Defendant Spinnaker Insurance Company's Rule 56(a) Motion for Summary Judgment (Dkt. #43) is hereby **GRANTED in part** and **DENIED in part**. Specifically, the Court finds the following:

1. Defendant's Motion for Summary Judgment is **DENIED** as to Count I (Breach of Contract—Class Action/Non-Material Depreciation).

2. Defendant's Motion for Summary Judgment is **GRANTED** as to Count II (Breach of Contract—Individual Claim Independent and Separate from Count I and Unrelated to Non-Material Depreciation).

3. Defendant's Motion for Summary Judgment is **GRANTED** as to Count III (Declaratory Judgment and Relief—Class Action/Non-Material Depreciation).

**IT IS SO ORDERED.**

SIGNED this 27th day of August, 2025.

*[signature]*

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE